TAI MUI (A15 729 166), Plaintiff,

v.

P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the District of New York, Defendant.

No. 66 Civ. 316.

United States District Court
S. D. New York.

May 4, 1966.

Lebenkoff & Coven, New York City, for plaintiff; Jules E. Coven, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. Southern District of New York, for defendant, Francis J. Lyons, Special Asst. U. S. Atty., of counsel.

OPINION

LEVET, District Judge.

Plaintiff is an alien, a native and citizen of China, who last entered the United States on July 13, 1961. On that date he was admitted into the United States

as a non-immigrant crewman for the period of time his ship remained in port not to exceed twenty-nine days. Plaintiff, however, remained in the United States past the twenty-nine day period without authority.

On January 24, 1964, a final order of deportation was entered against the plaintiff under Section 242(b) of the Immigration and Nationality Act, as amended (hereinafter "The Act"), 8 U.S.C. § 1252(b). Pursuant to that order, plaintiff was granted the privilege of voluntary departure and was to depart on or before November 1, 1965. He failed to do so and, accordingly, is under an order of deportation which the defendant, District Director, is prepared to execute.

On February 1, 1966, plaintiff applied for a stay of deportation under 8 CFR § 243.4 in order to prosecute an application for adjustment of status under Section 203(a) (7) of the Act, 8 U.S.C. § 1153(a) (7). In his application, plaintiff claimed he was a refugee from Communist China who had been continuously present in the United States for a period of two years. The District Director denied his application for a stay on the ground that plaintiff, as a crewman, could not adjust his status under 8 CFR § 245.1.

Plaintiff then brought this action which seeks a judgment declaring that he is entitled to apply to adjust his status under Section 203(a) (7), that he is entitled to such relief, and that the regulations, particularly 8 CFR § 245.4, which make him ineligible for such relief, are illegal and void. The defendant District Director now moves to dismiss the complaint on the ground that this court lacks jurisdiction over the subject matter and, in the alternative, for summary judgment dismissing the complaint as a matter of law.

## SUBJECT MATTER JURISDICTION

The District Director contends that the thrust of the present case is directed against a final order of deportation in spite of the fact that nominally the complaint challenges only the denial of a stay of deportation and that, therefore, exclusive jurisdiction over the present case is vested in the Court of Appeals by Section 106 of the Act, 8 U.S.C. § 1105a.

Section 106, when read together with Sections 1031–1042 of Title 5 of the United States Code, provides that judicial review of all final orders of deportation issued pursuant to Section 242(b) of the Act, 8 U.S.C. § 1252(b), shall be by the Court of Appeals. The essential question at this juncture then is: Is a denial of a stay of deportation a final order of deportation? On this, there is a conflict of authority which the Supreme Court has not yet resolved. The late Judge Dawson of this court held that a denial of a stay of deportation was not a final order of deportation. Lam Tat Sin v. Esperdy, 227 F.Supp. 482 (S.D.N.Y.), aff'd 334 F.2d 999 (2nd Cir.), cert. denied 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 176 (1964) (the Second Circuit did not discuss the jurisdictional question). The Seventh Circuit, however, has held recently that a denial of a stay of deportation is a final order of deportation for which judicial review is vested exclusively in the Court of Appeals. Melone v. Immigration & Naturalization Service, 355 F.2d 533 (7th Cir. 1966).

The conflict arises by reason of differing views as to the ambit of the Supreme Court's decision in Foti v. Immigration & Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). There the Supreme Court held that the Court of Appeals has exclusive jurisdiction to review an administrative determination of the Attorney General denying a suspension of deportation sought under Section 244(a) (5) of the Act. The Court reasoned that such a determination by the Attorney General was part of and incident to the deportation proceedings themselves and, thus, denial of such relief was a final order of deportation.

An application for a stay of deportation, however, is not part of the administrative proceedings pursuant to Section 242(b) of the Act; it follows them. The District Director, however, insists that

in this case the application is directed at a final order of deportation and that if the plaintiff had followed the usual procedure for obtaining adjustment of status under Section 245, that is, a motion to reopen the deportation proceedings themselves, his remedy now would be in the Court of Appeals. Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), reversing 308 F.2d 347 (9th Cir. 1962); Hitai v. Immigration & Naturalization Service, 343 F.2d 466 (2nd Cir.), cert. denied 382 U.S. 816, 86 S.Ct. 36, 15 L.Ed.2d 63 (1965). While there may be some support for the District Director's argument, I am of the opinion that it does make a difference that the plaintiff here sought only a stay of deportation. The usual procedure was not open to this plaintiff. As an alien crewman he could not apply for adjustment of status under Section 245. Rather, he seeks relief under Section 203(a) (7) in proceedings which are not incident to the deportation proceedings themselves. The question may be a close one, but, in my opinion, this court has jurisdiction over the subject matter so that I will now proceed to consider the merits of plaintiff's claims.

### THE MERITS

As heretofore mentioned, the purpose of plaintiff's application for a stay of deportation was to enable him to prosecute an application for adjustment of status under Section 203(a) (7) of the Act, 8 U.S.C. § 1153(a) (7), and that stay was denied on the ground that plaintiff as an alien crewman was unable to adjust his status by reason of 8 CFR § 245.1. The latter regulation when read in connection with 8 CFR § 245.4 denies alien crewmen the privilege of adjusting their status under Section 203(a) (7). The question before me now is whether those regulations are in accordance with the law.

Section 203(a) (7) of the Act, 8 U.S.C. § 1153(a) (7), provides in pertinent part as follows:

"§ 1153. Allocation of immigrant visas—Categories of preference priorities; per centum limitations; conditional entries; waiting lists

"(a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

"* * *

"(7) Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 1151(a) (ii) of this title, to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist, or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; or (B) that they are persons uprooted by catastrophic natural calamity as defined by the President who are unable to return to their usual place of abode. * * * *Provided*, That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to *application for adjustment of status.*" (Emphasis added.)

Also relevant here is Section 245 of the Act, 8 U.S.C. § 1255, which provides in pertinent part as follows:

"§ 1255. Adjustment of status of nonimmigrant to that of person

admitted for permanent residence; record; natives of contiguous country or adjacent island

"(a) The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved.

"(b) Upon the approval of an application for adjustment made under subsection (a) of this section, the Attorney General shall record the alien's lawful admission for permanent residence as of the date the order of the Attorney General approving the application for the adjustment of status is made, and the Secretary of State shall reduce by one the number of the preference or nonpreference visas authorized to be issued under section 1153(a) of this title within the class to which the alien is chargeable, for the fiscal year then current.

" * * * "

The District Director contends that the proper construction of those sections is that adjustment of status under Section 203(a) (7) must be in accordance with the procedures of Section 245 of the Act and that, accordingly, alien crewmen are ineligible for the benefits of Section 203(a) (7). Plaintiff contends that the inclusion of the words "adjustment of status" in Section 203(a) (7) is meaningless unless it allows refugees who meet the requirements of Section 203(a) (7) to adjust their status without being bound by the requirements of Section 245.

■ To my mind, the Act requires that adjustment of status under Section 203(a) (7) be accomplished within the procedures of Section 245, and, accordingly, the disputed regulations are, in my opinion, valid. The last clause of Section 203(a) (7) merely limits the percentage of qualifying refugees who may become lawful aliens by adjusting their status rather than by obtaining a conditional entry visa. The inclusion of the words "adjustment of status" there does no more than refer to the process of application; the presence of those words does not create any new substantive rights. Adjustment of status must still be carried out under Section 245. If there is any doubt that that was Congress' intention, one need only look at Senate Report No. 748, 89th Cong., 1st Sess. 22 (1965), U.S.Code Cong. & Admin.News 1965, p. 3328 where it is said with regard to Section 203(a) (7) of the Act:

" * * * It is contemplated that such adjustments will be made under section 245 of the Immigration and Nationality Act."

■ Plaintiff argues, nonetheless, that the manner of entry into the United States has nothing do with availability of the benefits of Section 203(a) (7) and in support of that proposition cites Section 244 of the Act, which makes alien crewmen entering before July 1, 1964 eligible for suspension of deportation under that section. Plaintiff, however, proves too much by his argument because it is clear that under Section 244 the manner of entry still does make a difference as to alien crewmen entering on July 1, 1964 and thereafter.

■ The District Director properly denied the plaintiff's application for a stay of deportation, and the regulations, 8 CFR §§ 245.1, 245.4, under which he did so, are in accordance with the law.

There is no genuine issue of material fact.

Defendant's motion to dismiss for lack of subject matter jurisdiction is denied, but defendant's motion for summary judgment is granted.

Settle judgment on notice.