Konstantinos **LENA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 15974.

United States Court of Appeals
Seventh Circuit.

June 9, 1967.

Melvyn E. Stein, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., Robert J. Weber, Asst. U. S. Atty., Chicago, Ill., for respondent, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before KNOCH, CASTLE and FAIRCHILD, Circuit Judges.

KNOCH, Circuit Judge.

The petitioner, Konstantinos Lena, is a native and citizen of Turkey. He came to the United States in the fall of 1964 as a visitor on a pleasure trip. He did not depart on February 4, 1966, when his authorization to remain expired. He admits that he is amenable to deportation under § 241(a) (2) of the Immigration and Nationality Act, Title 8 U.S.C.A. § 1251(a) (2), having outstayed his permitted time.

He sought a stay of deportation under § 243(h) as amended, Title 8 U.S.C.A. § 1253(h), which was denied by the Special Inquiry Officer, whose decision was sustained by the Board of Immigration Appeals. This petition for review was then filed pursuant to Title 8 U.S.C.A. § 1105a, on the ground that denial of a stay in this case was arbitrary and erroneous in law.

The petitioner takes the position that he has presented a prima facie case of persecution, because of his Greek Orthodox faith, if he is forced to return to Turkey, and that the Attorney General to justify denial of a stay must rebut that prima facie case with clear, convincing and unequivocal evidence.

The statute in question provides:

Title 8 U.S.C. § 1253(h) (1965)

Withholding of deportation

"(h) The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems necessary for such reason."

It previously read:

"(h) The Attorney General is author- ized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

Title 8, U.S.C. § 1253(h) (1952) (amended by P.L. 89–236, § 11(f), 79 Stat. 918, Oct. 3, 1965)

The pertinent change was the removal of the word "physical" before the word "persecution."

The decision to be made is within the administrative judgment of the Attorney General or his duly authorized delegate. United States ex rel. Dolenz v. Shaughnessy, 2 Cir., 1952, 200 F.2d 288, 291, cert. den. 345 U.S. 928, 73 S.Ct. 780, 97 L.Ed. 1358.

This Court may determine whether there has been an abuse of the discretion reposed in the Attorney General but we do not substitute our own opinion for his so long as his reasons for denying suspension of deportation in any case are sufficient on their face. Obrenovic v. Pilliod, 7 Cir., 1960, 282 F.2d 874, 876; Chao-Ling Wang v. Pilliod, 7 Cir., 1960, 285 F.2d 517, 519; Kalatjis v. Rosenberg, 9 Cir., 1962, 305 F.2d 249, 250.

The Special Inquiry Officer in this case found that Greeks in Turkey do and are permitted to practice their religion, that such discrimination as exists is against the Church itself rather than individuals. The petitioner's own testimony indicated that no one had tried to

prevent his attending his Church. He had not been arrested. He had been allowed to hold a job for four years, and when he departed for the United States, his brother had been employed to fill that job. It does not appear that the Special Inquiry Officer denied suspension of deportation only because he found no danger of physical as distinguished from economic and other forms of persecution.

The respondent filed a supplemental memorandum in response to questions raised in oral argument as to the administrative guide lines followed by the Attorney General in the exercise of his discretion to withhold deportation of one who, in his opinion, would be subject to persecution on account of his religion if deported. The petitioner filed a reply to the supplemental memorandum.

■ It is clear that the Attorney General employs stringent tests and restricts favorable exercise of his discretion to cases of clear probability of persecution of the particular individual petitioner. The Attorney General's course of conduct, however, shows consistency in the various cases. We cannot say that he has exercised his discretion in an arbitrary manner.

The petition for review is hereby dismissed.

Petition dismissed.