CHAN CHUNG YIN (A15 978 850),
Chan Shu Kwong (A15 627 323),
Plaintiffs,

v.

P. A. ESPERDY, as District Director of the Immigration and Naturalization S rvice for the District of New York, Defendant.

No. 67 Civ. 3193.

United States District Court
S. D. New York.

Aug. 30, 1967.

Lebenkoff & Coven, New York City, for plaintiffs, Jules E. Coven, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for defendant, Francis J. Lyons, Daniel Riesel, Sp. Asst. U. S. Attys., of counsel.

WYATT, District Judge.

This is a motion by the two plaintiffs for a preliminary injunction restraining

their deportation by the Immigration and Naturalization Service (INS).

Both plaintiffs are natives and citizens of China.

Chan Shu arrived at Philadelphia as a member of the crew of the "Goeree" on April 3, 1964 and on the same day left the ship, apparently with a permit as an "alien crewman" under 8 U.S.C. §§ 1101 (a) (15) and 1282(a). He promptly deserted the ship, came to New York, and began working here. After hearing he was found subject to deportation under 8 U.S.C. § 1251(a) (2) and an order was made to this effect, which became final without appeal; a warrant of deportation was issued on July 13, 1964. During the hearing he had designated Hong Kong as the place to which he wished to be deported (if he had to be deported). See 8 U.S.C. § 1253(a). Chan Shu was notified under date of July 25, 1966 to surrender for deportation on August 4, 1966. Under date of August 1, 1966 he filed an application with INS for "classification as a refugee" under the 1965 amendments to the Immigration and Nationality Act (the Act), specifically Section 203(a) (7) of the Act (8 U.S.C. § 1153(a) (7)). At the same time he applied to INS for a stay of deportation pending determination of the Section 203(a) (7) application. Apparently the application for a stay was denied by INS.

The reason for denial by INS of stay of deportation to Chan Shu was undoubtedly the history reflected in Tai Mui v. Esperdy, D.C., 263 F.Supp. 901, decided by Judge Levet on May 4, 1966. The regulations issued by the Attorney General under new Section 203(a) (7) of the Act had been on the premise that alien crewmen illegally in this country could not, because of Section 245 of the Act (8 U.S.C. § 1255), qualify for adjustment of status to secure benefits from new Section 203(a) (7). Judge Levet by a summary judgment sustained this view and the matter was then on appeal.

An action (66 Civ. 2389) was on August 3, 1966 commenced in this Court by Chan Shu (and another) for a declaratory judgment, and asking for a stay of deportation until determination of the action.

Recognizing that the issues tendered by this action were the same as those in *Tai Mui*, the parties stipulated to a stay of deportation until final decision in *Tai Mui* and to a dismissal of the action. The stipulation was that the parties would be "bound" by the decision in *Tai Mui*.

The Court of Appeals on December 9, 1966 affirmed the judgment against Tai Mui ordered by Judge Levet, thus upholding the position taken by the Attorney General and INS. Tai Mui v. Esperdy, 2 Cir., 371 F.2d 772. A petition for a writ of certiorari was denied on April 24, 1967 (386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed.2d 454).

Under date of August 16, 1967, Chan Shu was notified by INS to surrender for deportation on August 23, 1967.

On August 21, 1967, Chan Shu moved to reopen his deportation hearing so as to permit him to withdraw his designation of Hong Kong as the country to which to be deported, made under 8 U.S.C. § 1253(a); he moved at the same time for a stay of deportation. The ground for this motion was that "the situation in Hong [Kong] has changed radically" and because of "the change of circumstances in Hong Kong" he wanted to withdraw his designation of Hong Kong.

On the same day, August 21, INS denied a stay of deportation, among other things because 8 U.S.C. § 1253(a) specifically provides that an alien may make only one "designation". The motion to reopen the deportation hearing has not been acted upon by the Special Inquiry Officer (8 C.F.R. §§ 103.5, 242.22).

The facts as to Chan Chung, while differing as to dates and in some other details, are for the purpose of this decision the same as those facts recited as to Chan Shu. He too is under a warrant of deportation as an alien crewman illegally overstaying a landing permit, and has followed the same procedure as Chan Shu. His affidavit to reopen his deportation

hearing and for a stay of deportation was substantially the same as that of Chan Shu. There is no need to recite the facts as to Chan Chung.

This action was commenced on August 21, 1967, seeks a declaratory judgment that the two plaintiffs "are entitled to stays of deportation". It is recited that the denial of stays of deportation by INS was "arbitrary, capricious, and an abuse * * *, illegal and in violation of law".

■ The basis for the action, and for this motion, is, according to oral argument of counsel for plaintiffs, that if the deportation hearings are reopened and if plaintiffs are allowed to withdraw their designations of Hong Kong, then the Special Inquiry Officer might "specify" some "country" other than Hong Kong to which deportation would be directed.

This seems entirely too speculative to justify interfering with the discretion of the INS. The Act in 8 U.S.C. § 1253(a) confers discretion with respect to deportation on the Attorney General and INS is his delegate (8 C.F.R. § 243.4). The District Director has denied a stay of deportation to each plaintiff.

■ There is no factual showing that such a change in conditions at Hong Kong has taken place as would justify permitting the withdrawal by these plaintiffs of their designation of Hong Kong. Judge Mansfield has discussed the question in his opinion, filed August 7, 1967, in Lam Leung Kam and others v. Esperdy, D.C., 274 F.Supp. 485 and with his discussion and conclusions, I agree. The affidavits on this point before me seem to be word for word the same as those before Judge Mansfield.

There is no factual showing that any country other than Hong Kong is a possible or even appropriate place to which to send plaintiffs.

Chan Shu has been in this country illegally since April 1964; Chan Chung has been in this country illegally since October 1966. This motion, and the action, seem plainly designed simply to evade the warrant of deportation and to permit continued illegal presence in this country. See Li Cheung and others v. Esperdy, 377 F.2d 819 (2d Cir. May 19, 1967); Chao Chin Chen v. Murff, 168 F.Supp. 349 (S.D.N.Y.1958).

■ In determining that there has been an "abuse of discretion" by INS, it must be found that the INS action was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis * * *." Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715, 719 (2d Cir. 1966). It would be impossible to make such a finding from the history here.

The motion for a preliminary injunction is denied and the temporary restraining order is vacated.

So ordered.