KWONG CHAU (A 15720535), Plaintiff,
v.
P. A. ESPERDY, as District Director for the New York District, Immigration and Naturalization Service, Department of Justice, Defendant.

No. 67 Civ. 3231.

United States District Court
S. D. New York.

Sept. 5, 1967.

Andrew Reiner, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, for defendant, Francis J. Lyons, Special Asst. U. S. Atty., of counsel.

McLEAN, District Judge.

This is a motion by an alien to stay his deportation. Plaintiff, a Chinese crewman, came to the United States from Hong Kong in 1962, deserted his vessel here, and remained in the United States illegally. He was finally apprehended and after a proper hearing defendant ordered him deported. Plaintiff selected Hong Kong as the place to which he wished to be sent. On August 16, 1967, he was directed to surrender on August 24 for deportation to Hong Kong.

On August 22 plaintiff applied to the District Director to reopen his deportation hearing so that his deportation to Hong Kong might be withheld. The application was made under Section 243(h) of the Act (8 U.S.C. § 1253(h)) which provides:

"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason."

Plaintiff stated in his application that in 1954 he fled from China to Hong Kong as a refugee from Communism, that he is opposed to Communism, that "this information is no doubt available" to Communists in Hong Kong, and that there have recently been Communist riots in Hong Kong. He expressed the fear that if he were sent to Hong Kong he

would be persecuted by the Communists there.

Also on August 22, 1967, plaintiff applied to the District Director for a stay of deportation pending decision of his application to reopen. On August 23, 1967 the District Director denied the stay. His letter to plaintiff stated:

"You state in your present application for a stay of deportation that you wish to submit an application under Section 243(h) of the Immigration and Nationality Act, as amended, based upon your belief that you would be subject to persecution if returned to Hong Kong. However, no evidence has been presented to substantiate this claim.

In view of the foregoing, it is felt that a stay of deportation is not warranted, and your request is therefore denied. However, the motion to reopen the deportation proceedings will be acted upon in due course."

Since it is obvious that the District Director intended to deport plaintiff on August 24, the last sentence of his letter must have been cold comfort to plaintiff. The District Director has not yet acted upon plaintiff's application to reopen. But for the temporary stay granted by this court, plaintiff would now be in Hong Kong.

When the District Director has advised an alien that his application to reopen a deportation proceeding will be acted upon in due course, I would not ordinarily permit the District Director to deport the alien before his application had been decided. After considerable reflection, however, I have decided to permit it in this instance. I do so because I believe that plaintiff's application to reopen is without merit and that there is no reasonable likelihood that the Attorney General, in his discretion, would withhold plaintiff's deportation. Indeed, the District Director's letter seems to recognize this by stating that no evidence has been presented by plaintiff to substantiate his claim.

It is clear that an application to reopen a deportation hearing does not automatically stay deportation. 8 C.F.R. § 103.5. This is a salutary rule, for otherwise the deportation of an alien who has no right to be in this country and who is willing to grasp at any straw to prevent his departure would be endlessly delayed.

There have recently been applications similar to this by Chinese crewmen who are under warrants of deportation to Hong Kong. This court has refused to stay the deportation, even though the crewman's application to reopen his deportation proceedings had not yet been decided. Lam Leung Kam v. Esperdy, 274 F.Supp. 485 (S.D.N.Y.1967); Chan Chung Yin v. Esperdy, 276 F.Supp. 882 (S.D.N.Y. August 30, 1967).

The present case is indistinguishable from these, as far as the merits of the crewman's application are concerned. Two judges of this court have concluded that applications of this sort are merely last-minute attempts to avoid the inevitable. I see no reason to conclude differently in this case. This motion is therefore denied and the temporary stay is vacated.

So ordered.