YUI TING SANG, a/k/a Zai Ding Sung, and Hui Mau Cheuk, Plaintiffs,

v.

P. A. ESPERDY, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendants.

CHENG KAI FU, Plaintiff,

v.

P. A. ESPERDY, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant.

Nos. 67 Civ. 3990, 67 Civ. 4054.

United States District Court
S. D. New York.
Nov. 1, 1967.

Thomas A. Church, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., for S. D. New York, by Francis J. Lyons,

Asst. U. S. Atty., of counsel, for defendants.

CROAKE, District Judge.

## MEMORANDUM

These substantially identical actions by various alien seamen to stay their deportation are consolidated for purposes of this decision. Each plaintiff is a native and a citizen of the Republic of China who was admitted to the United States as an alien seaman pursuant to § 242(a) of the Immigration and Nationality Act (the ACT), 8 U.S.C. § 1252 (a) (1964), and authorized to remain here during his vessel's stay in port, but not to exceed 29 days. Each thereafter remained in the United States until he was apprehended.

The purpose of seeking this stay is related to the determination of motions to reopen requesting relief under § 243 (h) of the ACT, 8 U.S.C. § 1253(h) (1964). This section gives the Attorney General discretion to stay deportation in instances where the alien might be subject to persecution in the country to which he is deported.[1] The Attorney General restricts the favorable exercise of his discretion in § 243(h) matters to cases of clear probability of persecution to the particular alien. See e. g., Lena v. I. N. S., 379 F.2d 536 (7th Cir. 1967).

The District Director has denied stays to each plaintiff in these cases. This court has reviewed the papers submitted by petitioners and finds their contention that to deport them to Hong Kong would subject them to persecution on account of race, religion or political opinion lacks merit. None of the petitioners' attempts to distinguish his position from that of thousands of Chinese who have fled to Hong Kong as a result of disturbances on the mainland. Their contention that deportation would subject them to persecution because of political opinion must therefore rest on the proposition that the fall of Hong Kong to the communists is imminent. This rationale is too speculative to justify interference with the discretion of the Immigration and Naturalization Service.[2] Several other judges in the last few months have had this question before them and have arrived at the same conclusion. See Lam Leung Kam v. Esperdy, 274 F.Supp. 485 (S.D. N.Y. August 7, 1967), Mansfield, J.; Chan Chung Yin v. Esperdy, 276 F.Supp. 882 (S.D.N.Y. August 30, 1967), Wyatt, J.; Kwong Chau v. Esperdy, 276 F.Supp. 897 (S.D.N.Y. September 5, 1967), McLean, J.

The applications are therefore denied.

So ordered.

1. Section 243 of the ACT provides:
   "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason."

2. An application to reopen a deportation hearing does not automatically stay deportation. 8 C.F.R. § 103.5.