CHENG KAI FU, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

YUI TING SANG, a/k/a Zai Ding Sung and Hui Mau Cheuk, Plaintiffs-Appellants,

v.

P. A. ESPERDY, District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant-Appellee.

Nos. 237, 236, Docket 31842 and (31881).

United States Court of Appeals Second Circuit.

Argued Nov. 9, 1967.

Decided Nov. 16, 1967.

Thomas A. Church, New York City, for petitioner and plaintiffs-appellants.

Francis J. Lyons, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, and Daniel Riesel, Asst. U. S. Atty., New York City, on the brief), for respondent and defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and HAYS, Circuit Judges.

LUMBARD, Chief Judge:

These cases, which have been consolidated for the purposes of this proceeding, all raise the same question: whether it was an abuse of discretion for the District Director in the case of Yui Ting Sang and Hui Mau Cheuk and the Board of Immigration Appeals in the case of Cheng Kai Fu to deny without a hearing the motions to stay deportation and re-open the proceedings based on the claim under Section 243(h) of the Act, 8 U.S.C. § 1253(h),[1] that the aliens will be subjected to persecution if they are returned to Hong Kong. The issue presented is whether these aliens have made a sufficient showing to compel the government to afford them a hearing on their motion to re-open the proceedings in which they were afforded due process and which resulted in lawful orders of deportation entered under 8 U.S.C. § 1252.

The essential facts with respect to each alien are not in dispute. Each is a native and citizen of the Republic of China, who was admitted to the United States as an alien seaman authorized to remain here during his vessel's stay in port but not to exceed 29 days. Section 252(a) of the Act, 8 U.S.C. § 1282(a). Each of them thereafter remained unlawfully in the United States until he was apprehended.

Proceedings for deportation were then properly instituted under the Act. Cheng Kai Fu, the petitioner in one case, was apprehended in April 1965, and on April 26 of that year he was given a hearing and ordered deported to Taiwan. The Republic of China refused to issue a travel document permitting his re-entry to that country, and subsequently the government moved to re-open the proceeding so that Hong Kong could be designated as the place of destination. On October 18, 1967 petitioner surrendered himself for deportation to Hong Kong. He then moved to re-open the proceedings and requested an opportunity to apply for a stay under Section 243(h) of the Act, 8 U.S. C. § 1253(h).[2] In his motion the petitioner set out the circumstances of his escape from the mainland of China in 1957 and alleged that a return to Hong Kong at this time would subject him to hardship and deprivation which he claims amount to persecution as interpreted in Section 243(h). The Board of Immigration Appeals on October 26, without a hearing, denied his motion to re-open and the alien then brought this petition for review of that decision.

The appellants, Yui Ting Sang and Hui Mau Cheuk, appeal from an order of the Southern District Court denying their motion for a preliminary injunction staying the execution of orders of deportation pending determination of their action for a declaratory judgment in which they challenged the denial of a stay of deportation by the District Director. In their application to the District Director, the appellants also asked for relief under Section 243(h), claiming that they would be subjected to persecution in Hong Kong. Thus, although these cases arise from varying procedures, they present an identical issue.

1. 8 U.S.C. § 1253(h):
"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason."

2. The regulations provide in 8 C.F.R. § 103.5:
"The filing of a motion to reopen or a motion to reconsider or of a subsequent application after notice of denial shall not, unless the Service directs otherwise, serve to stay the execution of any decision made in the case or to extend a previously set departure date."

■ Under Section 243(h) of the Act the Attorney General is given discretion to stay deportation in circumstances where the alien "would be subject to persecution on account of race, religion, or political opinion" in the country to which he is being deported. Only where there is a clear probability of persecution to the particular alien is this discretion to be favorably exercised. See, e. g., Lena v. Immigration and Naturalization Service, 379 F.2d 536 (7 Cir. 1967).

■■ We have examined the papers submitted by the three aliens and we are convinced that they have failed to sustain their burden of showing some likelihood that reopening the proceedings will result in a stay of deportation. We therefore find that there was no abuse of the discretion confided in the Board of Immigration Appeals and the District Director. Each of these aliens was afforded the full benefit of procedural due process in their deportation proceedings. They cannot require that these steps, including a written statement of charges, the opportunity to cross-examine and produce evidence, and a full hearing, be repeated merely because they have filed a petition to reopen. As Judge Mansfield said in Lam Leung Kam v. Esperdy, "If such were the law, all deportations could be permanently frustrated by the mere filing of successive petitions to reopen." Lam Leung Kam v. Esperdy, 274 F.Supp. 485 (S.D.N.Y.1967).

■ In order to forestall deportation the aliens must show some evidence indicating they would be subject to persecution in Hong Kong on account of race, religion, or political opinion. This they have failed to do. The statement that they are anti-Communists and that the situation in Hong Kong is steadily worsening is not sufficient. And the contention that Hong Kong will imminently fall from British hands to the Chinese Communists is too speculative to be the basis of deportation proceedings. We of course are not privy to any special or confidential information on the situation in Hong Kong, and we can hardly assume that a takeover is imminent simply because there has been rioting in recent months.

■ Regarding the situation in Hong Kong, the Immigration and Naturalization Service has at least as much information in this regard as does this court, and in view of the fact that Congress has given the District Director or the Board of Immigration Appeals broad discretion in this area, we should not disturb their exercise of discretion on as insignificant a showing as these aliens have made. Their status in Hong Kong as exiles from the mainland of China will not distinguish them from thousands of others, and the physical hardship or economic difficulties they claim they will face will be shared by many others. Those difficulties do not amount to the kind of particularized persecution that justifies a stay of deportation. Their status as refugees or political exiles is immaterial under Section 243(h) which looks to their likely condition in the place to which they are sent. Thus, whether they would be persecuted in mainland China is not relevant to the claim they make here. This is the conclusion that has been reached by the several district judges confronted with this problem. Lam Leung Kam v. Esperdy, 274 F.Supp. 485 (S.D.N.Y. Aug. 7, 1967) (Mansfield, J.); Chan Chung Yin v. Esperdy, 276 F. Supp. 882 (S.D.N.Y. Aug. 30, 1967) (Wyatt, J.); Kwong Chau v. Esperdy, 276 F.Supp. 897 (S.D.N.Y. Sept. 5, 1967) (McLean, J.). In the absence of a sufficient showing of a likelihood of persecution, we do not need to consider the contention that the government has failed to articulate the standards applied in applications for relief under Section 243 (h), or has failed to adjust these standards to any change in the statutory language.

Accordingly, the petition of Cheng Kai Fu is denied; and the decision of the district court denying the motions of Yui Ting Sang a/k/a Zai Ding Sung, and Hui Mau Cheuk for a preliminary injunction staying execution of their outstanding deportation orders is affirmed.