MATTER OF LAM

In Deportation Proceedings

A-15985124

*Decided by Board April 29, 1968*

Respondent, who, upon failure to depart in accordance with an order of voluntary departure, was ordered deported to Hong Kong, the country designated by him, or in the alternative to Formosa, the country of his nationality, and who stated he did not fear persecution if deported to either of those countries, will not now be granted a reopening of the deportation proceedings to permit him to withdraw his designation of Hong Kong as the country of deportation, nor to apply for temporary withholding of his deportation to that country under section 243(h) of the Immigration and Nationality Act, as amended, where he has failed to show a likelihood of establishing persecution (*Cheng Kai Fu* v. *Immigration and Naturalization Service*, 386 F. 2d 750 (C.A. 2, 1967)).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (crewman)—remained longer.

ON BEHALF OF RESPONDENT:
Jules E. Coven, Esquire
One East 42d Street
New York, New York   10007

ON BEHALF OF SERVICE:
Robert A. Vielhaber
Appellate Trial Attorney

On July 7, 1967, the special inquiry officer granted the respondent's application solely for voluntary departure, and provided for his deportation from the United States to Hong Kong, alternatively to the Republic of China on Formosa, on the charge contained in the order to show cause, in the event of his failure to so depart. That decision became final for want of an appeal, and the time set for the respondent's voluntary departure pursuant to the special inquiry officer's order was August 14, 1967. However, the respondent failed to so depart, and a warrant for his deportation was issued on August 28, 1967.

On October 30, 1967, the respondent was notified that arrangements for his departure to Hong Kong had been made. Thereupon, a declaratory judgment action was filed in the respondent's behalf in the appropriate United States District Court and a stay of the respondent's

696

deportation was requested. The results of that action were adverse to the respondent.

The respondent then moved for reopening of his deportation proceedings to permit him to withdraw his designation of Hong Kong as a country of deportation, or to permit him to apply for temporary withholding of his deportation thereto pursuant to section 243(h) of the Immigration and Nationality Act, as amended (8 U.S.C. 1253). The special inquiry officer denied that motion on November 16, 1967, and the appeal from that decision, which brings the case before this Board for consideration, will be dismissed.

The record relates to an adult male alien, a native of China and citizen of the Republic of China on Formosa, who last entered the United States on or about September 5, 1966. He was then admitted as a nonimmigrant crewman, for the period of time his vessel was to remain in United States ports, but in no event to exceed 29 days. He has, however, remained here since the expiration of the temporary period of his admission without authority.

The foregoing establishes the respondent's deportability on the above-stated charge. This was conceded in the course of the hearing before the special inquiry officer when the respondent was represented by counsel. It has not been challenged since.

The special inquiry officer granted the only discretionary relief requested of him by the respondent, to wit: voluntary departure. As already indicated, the respondent failed to take advantage of that privilege.

The first country of deportation specified by the special inquiry officer was Hong Kong, the country designated by the respondent himself. The alternative country of deportation named by the special inquiry officer was the Republic of China on Formosa, the land of the respondent's nationality. The latter stated to the special inquiry officer that he did not fear persecution if deported to either of those countries.

The respondent's claim that he should now be given an opportunity to apply for a temporary withholding of his deportation to Hong Kong is based on the assertion that he fled from China to Hong Kong as a refugee from communism. He asserts that he is opposed to communism. He points out that there have recently been communist riots in Hong Kong. He fears that if he is sent there he will be persecuted by the Communists.

The facts and circumstances of this case bring it squarely within the scope of the November 16, 1967, decision of the United States Court of Appeals for the Second Circuit in the case of *Cheng Kai Fu* v. *Immigration and Naturalization Service* (386 F.2d 750; cert. den. 4/1/68, 37 L.W. 3377). In that case, the court upheld the decision of

this administrative tribunal to deny without a hearing the motion of an alien situated similarly to this respondent to stay deportation and reopen the proceedings based on a claim under section 243(h) of the Immigration and Nationality Act (8 U.S.C. 1253). For the reasons set forth in the opinion of the court in that case, which we find to be controlling in the present case, we hereby affirm the decision of the special inquiry officer.

We find no merit in the respondent's assertion that he should now be given an opportunity to withdraw his designation of Hong Kong as a country of deportation, with the idea of making a new designation. In the first place, the riots in Hong Kong on which the respondent bases his claim to fear of persecution erupted in May of 1967, so that he could have advanced his claim before the special inquiry officer who held the hearing in his case on July 7, 1967. Second, for the reasons set forth above the changed conditions in Hong Kong on which the respondent relies in support of his claim to fear of persecution are not such as to warrant withholding of deportation under section 243 (h). Finally, under the foregoing circumstances the possibility that the special inquiry officer might specify some country other than Hong Kong is entirely speculative (see *Chan Chung Yin* v. *Esperdy*, 276 F. Supp. 882).

ORDER: It is ordered that the appeal be and the same is hereby dismissed.