ASG Industries, Inc., et al., plaintiffs *v.* United States, defendant

Before Landis, *Judge.*

Court No. 76-3-00642

(Dated September 29, 1981)

*Frederick L. Ikenson* for the plaintiffs.

*J. Paul McGrath,* Assistant Attorney General; *David M. Cohen,* Branch Director; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*David M. Cohen* on the brief), for the defendant.

Landis, *Judge:* In this countervailing duty action involving float glass from the United Kingdom defendant has moved this Court to

dismiss the case with a judgment ordering the administering authority (Secretary of Commerce) to determine, ascertain or estimate the net amount of the bounties or grants bestowed upon the manufacturer of float glass by the United Kingdom and to levy a countervailing duty equal to such net bounty or grant on such importation of float glass. Plaintiffs have opposed said motion to dismiss and have cross-moved to suspend the subject action under *ASG Industries, Inc., et al.,* Customs Appeal 81–25.

Plaintiffs' cross-motion to suspend is denied as moot in view of Customs Appeal No. 81–25 which was decided by the Court of Customs and Patent Appeals on August 21, 1981. This recent appellate ruling is dispositive of defendant's motion to dismiss.

Customs Appeal 81–25 was an appeal of an order accompanying Slip Op. 81–34 (April 24, 1981) which had dismissed a related float glass action [1] and remanded said action to the Secretary of Commerce to ascertain the amount of countervailing duties to be imposed. In reversing, the appellate court clarified its decision in *ASG Industries, Inc., et al.* v. *United States,* 67 CCPA 11, C.A.D. 1237, 610 F. 2d 770 (1979), particularly its remand for a trial *de novo* "so that the merits of the issue of the amount of the net bounty herein involved can be fully developed", by stating that the U.S. Court of International Trade should conduct a full development of the net bounty issue including the quantification methodology from the accounting standpoint used in determining the net bounty or grant. The recent decision in Customs Appeal No. 81–25 in pertinent part states:

> * * * It was this court's intention that such full development of the net bounty issue should take place in the court, not that it be turned over with no restraint whatsoever to the administering authority, now the Commerce Department. [Slip Op. at 6.]

It is clear that this Court must conduct a trial *de novo* to determine the amount of net bounty including the method by which it is to be determined, in essence, the amount of countervailing duty to be imposed per unit of float glass.

Accordingly, it is

---

[1] The remand in this action (C.A.D. 1238) was issued simultaneously with and for the same reasons stated in C.A.D. 1237 although the Customs Court opinions differed in reasoning. C.D. 4782, the subject of appeal in C.A.D. 1237, found that a bounty or grant was bestowed but affirmed the finding of the Secretary of the Treasury that such bounties or grants did not tend to distort international trade and did not discriminate against the United States' production and sales both foreign and domestic. In C.D. 4788, the subject of appeal in C.A.D. 1238, this Court held that the decision of the Secretary was reasonable in that the Secretary must exercise some discretion in defining what acts of a foreign government confer bounties or grants and that this discretion necessarily involves judgments in the political, legislative or policy spheres. See generally, *United States* v. *Hammond Lead Products, Inc.,* 58 CCPA 129, C.A.D. 1017, 440 F. 2d 102 (1971), cert. denied, 404 U.S. 1005 (1971).

C.A.D. 1237 directly addressed only the distortion to trade theory. However, by implication it also found fault with the discretion theory as to political, legislative or policy sphere judgments.

ORDERED that defendant's motion to dismiss is denied, and, it is

FURTHER ORDERED that plaintiffs' cross-motion to suspend is denied; and, it is

FURTHER ORDERED that the parties submit within thirty (30) days of the entry of this Order an agreed date for the commencement of the trial *de novo* of this action as mandated by the Court of Customs and Patent Appeals.

