**SHIO HAN SUN, Plaintiff,**

v.

**Bruce G. BARBER, as District Director of Immigration and Naturalization Service, San Francisco, and David H. Carnahan, as Regional Commissioner of the Immigration and Naturalization Service, Defendants.**

**No. 35177.**

United States District Court
N. D. California, S. D.

July 20, 1956.

---

Fallon & Hargreaves, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for defendants.

EDWARD P. MURPHY, District Judge.

These are cross-motions for summary judgment on a declaratory judgment action under 28 U.S.C. § 2201 and an action for review under 5 U.S.C.A. § 1001.

The issue is whether an alien serving aboard an American merchant vessel on the high seas is "physically present in the United States" on the statutory date, August 7, 1953, within the meaning of Section 6 of the Refugee Relief Act of 1953, 50 U.S.C.A.Appendix, § 1971d.*

---

* That section, so far as relevant here, provides: "Any alien who establishes that prior to July 1, 1953, he lawfully entered the United States as a bona fide nonimmigrant and that he is unable to return to the country of his birth, or nationality, or last residence because of persecution or fear of persecution on ac-

The plaintiff, an alien seaman, lawfully entered the United States in 1943 as an alien seaman, and since that time has served aboard American vessels, shipping out from various American ports. On July 17, 1953, he sailed as a seaman aboard the S. S. Seamonitor, on which he had been serving since December 20, 1952, from Portland, Oregon, en route to Pusan, Korea, direct, and on August 7, 1953, was on the high seas en route to that destination. The vessel had not touched a foreign port since departing from the United States, and was two days from Pusan, Korea.

■ The Refugee Relief Act is a remedial statute. See In re D'Antonio's Petition, D.C.S.D.N.Y.1956, 139 F.Supp. 719. If this petitioner had been in an American port for any reason on August 7, 1953, he would be entitled to invoke the provisions of the Refugee Relief Act. Likewise, if he had been discharged from his ship on August 6, 1953, and had secured some other work in any port of the United States, the provisions of the Refugee Relief Act would be available to him. Congress should not be presumed to have intended to discriminate against active members of the Merchant Marine by reason of the entirely fortuitous circumstance that their ships may have been on the high seas on the date in question rather than in port. Congress has manifested its special concern for alien seamen in our Merchant Marine in other immigration and naturalization laws. See, e. g. 8 U.S.C.A. § 1441. And the cases dealing with the constitutional rights of such seamen have recognized that alien seamen serving aboard American vessels bound out of the United States should not be treated differently and worse than if they had remained idly in port. See, e. g. Kwong Hai Chew v. Colding, 1953, 344 U.S. 590, 73 S.Ct. 472, 97 L.Ed. 576; Roggenbihl v. Lusby, D.C.D.Mass.1953, 116 F.Supp. 315.

■ I therefore find and conclude that plaintiff was physically present in the United States on August 7, 1953 within the meaning of 50 U.S.C.A.Appendix, § 1971d. The motion for summary judgment of defendant is denied, that of plaintiff is granted, and the case is returned to the defendant for further hearing pursuant to law.

count of race, religion or political opinion * * * may * * * apply to the Attorney General of the United States for an adjustment of his immigration status. If the Attorney General shall, upon consideration of all the facts and circumstances of the case, determine that such alien has been of good moral character for the preceding five years and that the alien was physically present in the United States on the date of the enactment of this Act [August 7, 1953] and is otherwise qualified under all other provisions of the Immigration and Nationality Act * * * the Attorney General shall report to the Congress all the pertinent facts in the case. * * * "