**CHING LAN FOO, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, Defendant.**

Civ. A. No. 4866-54.

United States District Court
District of Columbia.

Feb. 8, 1957.

Jack Wasserman, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty. and Thomas H. McGrail, Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action for a declaratory judgment to review an order of the Attorney General denying the plaintiff an adjustment of his status as a permanent resident of the United States under Section 6 of the Refugee Relief Act of 1953, 50 U.S.C.A.Appendix, § 1971(d).

The statute in question provides in effect that any alien who establishes that prior to July 1, 1953, he lawfully entered the United States as a bona fide nonimmigrant and that he is unable to return to the country of his birth, or nationality, or last residence because of persecution or fear of persecution on account of race, religion, or political opinion, or who was brought to the United

States from other American republics for internment, may not later than June 30, 1955, apply to the Attorney General of the United States for an adjustment of his immigration status. If the Attorney General determines that such alien has been of good moral character for the preceding five years, that the alien was physically present in the United States on the date of the enactment of the Act, to wit, August 7, 1953, and is otherwise qualified under all other provisions of the Immigration and Nationality Act, 8 U.S.C.A. § 1101 et seq., except that the quota to which he is chargeable is oversubscribed, the Attorney General shall report to the Congress concerning the pertinent facts of the case. It is further provided that if the Congress during the session in which the case is so presented or prior to the end of the following session passes a concurrent resolution approving the granting of a status to the alien as having been lawfully admitted to permanent residence, the Attorney General is authorized to record the alien's lawful admission to permanent residence.

This case was submitted to the Court on stipulated facts contained in the pretrial order. The plaintiff is a native and citizen of China; and entered the United States as a seaman prior to February 9, 1945. Being a seaman by occupation, he spent sometime after 1945 on board American vessels sailing the seas in pursuit of his calling. He shipped out as a seaman in such a way and at such time that on the specific date in question, that is, August 7, 1953, he happened to be on the high seas. The question is whether he was physically present in the United States on that date in order to be qualified for favorable consideration under the Act. It is also stipulated that the Attorney General denied the application solely on a question of law, namely, that physical presence within the United States means presence within the continental United States or possibly in one of its possessions but does not include presence as a seaman on board a vessel flying the American flag.

■ The Court is of the opinion that the remedial statute should receive a reasonably liberal construction in order to accomplish its objective. It would be obviously arbitrary and unreasonable to reach the conclusion that a seaman in the position in which the plaintiff finds himself does not come within the Act merely because the vessel on which he was a member of the crew happened to be on the high seas on August 7, 1953, and that another seaman in like position would be eligible for consideration merely because his vessel was in port on that day.

■ It seems to me that the reasonable construction of the Act is that the words, "physically present in the United States" on August 7, 1953, should include any person who arrived in the United States and entered lawfully prior to that date, and who either remained physically present within the continental limits of the United States, or in one of its possessions, or who by reason of his occupation had shipped out on an American vessel which happened to be on the high seas on that date and who came back later.

■ In reaching this conclusion, I am in accord with the only reported decision on this precise question, Shio Han Sun v. Barber, 144 F.Supp. 850, decided in the United States District Court for the Northern District of California, by Judge Edward P. Murphy. It is important to note that the Government did not prosecute an appeal from the decision unfavorable to it in that case. It must be observed also that under international law a vessel on the high seas is, for many purposes, regarded as part of the territory of the country whose flag it flies. I am of the opinion that this should be done in this instance.

Accordingly, judgment will be rendered for the plaintiff adjudging that the plaintiff is to be regarded as having been physically present in the United States on the pertinent date for the purposes of determining his rights under the Refugee Relief Act. Counsel may submit a proposed judgment accordingly.