CHAN HING (A15 950 321), Lai Cho (A15 720 524), Plaintiffs,

v.

P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, Defendant.

No. 66 Civ. 364.

United States District Court
S. D. New York.
May 4, 1966.

Lebenkoff & Coven, New York City, for plaintiffs; Jules E. Coven, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for defendant; Francis J. Lyons, Sp. Asst. U. S. Atty., of counsel.

## OPINION

LEVET, District Judge.

Plaintiffs are aliens, natives and citizens of China, who last entered the United States on April 11, 1965. On separate occasions they were admitted into the United States as non-immigrant crewmen authorized to remain for the period of time their respective ships remained in port, not to exceed twenty-nine days. Both remained beyond the twenty-nine day period without authority and, after being located, were granted the privilege of voluntary departure. On their failure to depart they were ordered deported to Hong Kong.

The plaintiffs then, each claiming to be a refugee from Communist China who had fled from that country because of persecution or fear of persecution, sought stays of deportation in order to make an application for classification as refugees pursuant to Section 203(a) (7) of the Immigration and Nationality Act, as amended, (hereinafter "The Act"), 8 U.S. C. § 1153(a) (7), because, as they alleged, such an application cannot be made in Hong Kong since no office is set up there for that purpose with the result that the United States is the only place available to the plaintiffs where such an application may be made. The defendant District Director denied such stays of deportation on three grounds: first, that as crewmen plaintiffs may not adjust their status in the United States under 8 CFR § 245.1; second, that, even if their respective applications under Section 203(a) (7) were to be approved, it would still be necessary for the plaintiffs to leave the United States; and, third, that insofar as plaintiffs sought to apply for classification as refugees under Section 203(a) (7) and thus to qualify for conditional entry into the United States, such application must be made outside the United States under 8 CFR § 235.9.

Plaintiffs, then, alleging that the denial of the stay was arbitrary, capricious, an abuse of discretion, illegal, and in violation of the law, brought this action seeking a judgment declaring that they are

entitled to a stay of deportation pending the determination as to their classification as refugees pursuant to Section 203 (a) (7) of the Act. The defendant District Director now moves for summary judgment dismissing the complaint. On this motion, the District Director relies solely on the third alternative ground for denying plaintiffs' application for stays of deportation—that is, that the conditional entries which plaintiffs seek may not be obtained in the United States.

Section 203(a) (7) specifically provides that conditional entries shall be made available by the Attorney General "pursuant to such regulations as he may prescribe." Under that authority, 8 CFR § 235.9 [1] was promulgated and provides in pertinent part:

"§ 235.9  Conditional entries.

"(a) Countries in which applications may be filed. Pursuant to agreements entered into with the governments of the countries concerned, officers of the Service are authorized to accept applications and to examine the qualifications of applicants for conditional entry under section 203(a) (7) of the Act in Austria, Belgium, France, Germany, Greece, Italy, and Lebanon. Applications for conditional entry may be filed only by aliens who are physically present within one of the designated countries.

"(b) *  *  *

"(c) Application. A separate application for conditional entry under section 203(a) (7) of the Act shall be executed and submitted by each applicant on Form I–590 to the officer in charge of the nearest Service office outside the United States. Each applicant under this paragraph shall appear in person before an immigration officer and excepting a child under 14 years of age shall, prior to the adjudication of his application, be interrogated under oath concerning his eligibility for conditional entry into the United States. *  *  * The approval of an application by an officer in charge outside the United States authorizes the district director at a port of entry to effect the conditional entry of the applicant upon arrival at such port within 4 months after the date of the approval. *  *  *

"(d) *  *  *

"(e) *  *  *"

Plaintiffs contend that the above-quoted regulation, 8 CFR § 235.9, is invalid in that it requires that an application for conditional entry pursuant to Section 203(a) (7) be made outside the United States.

Section 203(a) (7) permits conditional entries for:

"  *  *  * aliens who satisfy an Immigration and Naturalization Service officer at an examination *in any non-Communist or non-Communist-dominated country,* (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, *  *  * and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; *  *  * *Provided,* That immigrant visas in a number not exceeding one-half the number specified in this paragraph may be made available, in lieu of conditional entries of a like

---

1. At the time that this motion was submitted for decision, 8 CFR § 235.9 did not include the paragraph now lettered (e), but did include the paragraph now lettered (c) as paragraph (a). On March 31, 1966, the regulation was revised to include the present paragraph (a) and paragraph (b), not relevant here, and the original paragraphs of the section were relettered. 31 Fed.Reg. 5118. Since the District Director in his memorandum in support of this motion acknowledged that conditional entries were being issued by immigration officers solely in Austria, Belgium, France, Germany, Greece, Italy and Lebanon, it makes no difference on this motion whether the original or revised form of the regulation is considered.

number, to such aliens who have been continuously physically present in the United States for a period of at least two years prior to application for adjustment of status." (Emphasis added)

While it may be argued, however strained the argument is, as plaintiffs claim, that the reference in Section 203(a) (7) to "any non-Communist or non-Communist dominated country" does not exclude the United States, the words at least admit of either construction, and it is, therefore, necesary to examine the intention of Congress in determining whether conditional entries are to be issued within the United States.

■ In my opinion, it would conflict with the statutory scheme if conditional entries were to be issued within the United States. Section 203(a) (7) provides for examination within this country for refugees who have been here for at least two years and who seek adjustment of status. In the first place, to allow aliens like the plaintiffs, who have not been in this country for at least two years, to apply for conditional entry within the United States without regard to the length of time that they have been physically present here would effectively nullify the two-year time period for adjustment of status in Section 203(a) (7). In the second place, it is apparent from the committee reports that, in enacting Section 203(a) (7), Congress was providing a permanent provision for the resettlement of refugees, not unlike the procedures under the Fair Share Refugee Act, 74 Stat. 504 (1960), except that under Section 203(a) (7) the United States and not the United Nations High Commissioner for Refugees will determine eligibility for refugee status. Sen.Rep.No. 748, 89th Cong., 1st Sess. 16–17 (1965); H.Rep.No. 745, 89th Cong., 1st Sess. 15 (1965), U.S.Code Cong. & Admin.News 1965, p. 3328. Since Section 203(a) (7) must be considered in the context of the problem of resettlement of refugees, it becomes clear, I believe, that Congress intended that applications for conditional entry be made outside the United States. And in the third place, it would be incongruous if the plaintiffs here were allowed to apply in this country for conditional entry when, if they had been physically present here for at least two years, they could not have applied for adjustment of status in the United States under Section 203(a) (7) by reason of their being alien crewmen. See Tai Mui v. Esperdy, S.D. N.Y., 263 F.Supp. 901, decided this day. In my opinion, therefore, the defendant District Director is without power to grant to the plaintiffs the conditional entries that they seek.

■ Plaintiffs argue that if they are deported to Hong Kong they will be unable to return to the United States since applications for conditional entry are not being accepted there. While it appears that they will be unable to apply unless they are able to present themselves to an immigration officer in one of the seven countries where applications are now being accepted or unless authorization to accept applications is given to immigration officers in Hong Kong, that inability, however, does not permit the court to interfere with the Attorney General's exercise of his power delegated by Congress to prescribe regulations under Section 203(a) (7) and his decision not to allow applications for conditional entry to be accepted in Hong Kong at the present time. That decision inevitably concerns the foreign affairs of the United States which are the province of the Executive and with which this court may not interfere. See Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568 (1948); United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 57 S.Ct. 216, 81 L.Ed. 255 (1936). Accordingly, both the regulation, 8 CFR § 235.9, and the limitation of the places where conditional entries may be obtained are valid.

There is no genuine issue of material fact.

Defendant's motion for summary judgment is granted.

Settle judgment on notice.