**MIN CHIN WU and Bow Mee Chu Wu, Plaintiffs,**

**v.**

**C. W. FULLILOVE, District Director, Immigration and Naturalization Service, San Francisco, California, Defendant.**

**No. 47902.**

United States District Court
N. D. California.
March 19, 1968.

Phelan, Simmons & Ungar, Donald L. Ungar, San Francisco, Cal., for plaintiffs.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

WEIGEL, District Judge.

Both plaintiffs and defendant have moved for summary judgment on the ground that there is no genuine issue of any material fact. Each side claims to be entitled to judgment as a matter of law.

The undisputed facts are these:

Min Chin Wu was born in Canton, China, October 8, 1918. In 1950 he left China for the last time and went directly to the Dominican Republic. For fourteen years he resided there, operating his own grocery store. Wu's wife, Bow Mee Chu Wu, left her native China in 1955, spent seven years in Hong Kong, and finally joined her husband in the Dominican Republic in 1962.

September 21, 1964, Wu entered the United States as a visitor. His wife had entered June 17, 1964. They received extensions until June 20, 1966.

On November 23, 1966, further extensions were denied, and they were ordered to depart. Thereupon, on December 28, 1966, the Wus applied for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (Supp. II, 1967). In that connection they applied for refugee status under section 203(a) (7) of the Act, 8 U.S.C. § 1153(a) (7) (Supp. II, 1967). The District Director of the Immigration and Naturalization Service denied the application, but certified the case to the Regional Commissioner. The latter affirmed. The Wus here seek review of the Regional Commissioner's decision and a declaratory judgment that the plaintiffs are eligible for the benefits of section 203(a) (7) of the Act.

Section 203(a) (7) provides in relevant part for the admission to the United States of a limited number of aliens if:

" * * * (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, * * and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; * * * "

█ If an alien is already in the United States on a temporary basis and otherwise qualifies for classification under section 203(a) (7), he may avail himself of the statutory privileges by applying for a change of status to that of a lawful permanent resident pursuant to section 245. The Wus so applied. The District Director's denial of their applications was on the ground that since the Wus had permanently resettled in the Dominican Republic after fleeing Communist China, they were not refugees within the meaning of section 203(a) (7). The Regional Commissioner's affirmance was on the same ground.

█ █ Plaintiffs take issue with the Commissioner's conclusion that section 203(a) (7) requires that the alien applicant be a refugee. The statute clearly denies its benefits to "*nationals* of the countries * * * in which [the] application for conditional entry is made." (Emphasis added.) From this, plaintiffs urge that Congress impliedly intended to confer the benefits of the statute upon all persons who have ever fled a Communist or Communist-dominated country, whether they have resettled or not, so long as they do not become nationals of the country to which they have fled. After careful consideration of the question, including review of the legislative history, the court is of the opinion that this interpretation of the statute cannot be sustained.

Not just one, but two, conditions must be satisfied for an alien to qualify under section 203(a) (7). First, as plaintiff correctly points out, the alien must not be a *national* of the country in which he applies for conditional entry. But, second, and equally important, the alien must be a *refugee* from a Communist or Communist-dominated country at the time he applies for entry into the United States. In enacting section 203(a) (7), Congress was providing specifically for American participation in the resettlement of refugees. See S.Rep. No. 748, 89th Cong., 1st Sess. 15 (1965), U.S. Code Cong. & Admin.News 1965, p. 3328. Once an individual has stopped fleeing and is safely resettled, regardless of the country which he may choose, he is outside of the scope of Congressional concern as evidenced by this particular statute. In other words, a non-resettled status is a sine qua non for qualification under the statute.

█ If an alien satisfies the condition of being a refugee, he may nevertheless be denied the benefits of section 203(a) (7) if he has fled to the country of which he is a national. Congress apparently concluded that refugees from Communism who manage to return to the country of their citizenship are not in need of American asylum. In most cases, these individuals will be able to resettle relatively easily because, as nationals,

they are familiar with the language and the customs.

■ The Wus satisfy one of the two conditions since they are not nationals of the Dominican Republic. But they fail to satisfy the other condition because they entered the United States after extended residence and resettlement in the Dominican Republic.

Judgment is hereby ordered and entered in favor of defendant.