Yee **CHIEN WOO**, Plaintiff,

v.

George K. **ROSENBERG**, District Director, Immigration and Naturalization Service, Defendant.

Civ. No. 67–104.

United States District Court
S. D. California.

Nov. 27, 1968.

Gordon G. Dale, Santa Ana, Cal., for plaintiff.

Edwin L. Miller, Jr., U. S. Atty., Southern Dist. of California, for defendant.

## MEMORANDUM OF DECISION

KUNZEL, Chief Judge.

Plaintiff seeks declaratory review from an order denying his application for classification as a refugee under section 203(a) (7) of the Immigration and Nationality Act, 8 U.S.C.A. § 1153(a) (7) (Supp. 1967).

Plaintiff's application was originally filed in connection with a deportation hearing held on March 8, 1966, where he was granted voluntary departure, in lieu of deportation to Formosa. The special inquiry officer refused to entertain

plaintiff's application for classification under section 203(a) (7). Subsequently, an application was filed with the Immigration office and on October 24, 1966, the District Director denied the application. The denial was affirmed by the Regional Commissioner of the Southwest Region on April 11, 1967.

The Government's motion to dismiss on the ground that the United States Court of Appeals has exclusive jurisdiction of review by virtue of 8 U.S.C.A. § 1105a, was denied by reason of the decisions in Yamada v. Immigration and Naturalization Service, 384 F.2d 214 (9th Cir. 1967), and Tai Mui v. Esperdy, 371 F.2d 772 (2d Cir. 1966), *cert. denied*, 386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed. 454.

Thereafter, the Government filed a motion for summary judgment. This motion is denied, and the decision of the District Director denying plaintiff's application is reversed for reasons hereinafter stated.

Section 203(a) (7) provides for the admission of a limited number of aliens to the United States if:

" * * * (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, * * * and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made; * * *."

Since plaintiff was already in the United States on a temporary basis, he applied for a change of status pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C.A. § 1255 (Supp. 1967).

The facts are contained in a certified copy of the file of the Immigration and Naturalization Service. In 1953 plaintiff was granted a temporary exit visa from Communist China and received permission to enter Hong Kong on June 1, 1953. In December 1953, in Hong Kong, he married. A son was born of the marriage in 1954. Shortly after arriving in Hong Kong plaintiff started a business of taking orders for merchandise and clothing under the name of Harry Woo Trading Company. He entered the United States in 1960 when he received a visa to enter as a business visitor.

It is clear that plaintiff fled Communist China for fear of persecution. The Government fixes upon the express language of section 203(a) (7), i. e., " * * persecution or fear of persecution on account of race, religion, or political opinion * * * ", and argues that plaintiff fled because of economic reasons and, therefore, does not qualify as a refugee. Such a contention ignores the realities of twentieth century world politics. Communist ideology, particularly the Red Chinese variety, makes no distinction between political as opposed to economic beliefs or philosophies. Both capitalist and anticommunist are enemies of the state.

The uncontroverted facts are that plaintiff was a businessman, a capitalist, prior to the communist takeover. Shortly after the communists came to power most businessmen were purged and many executed. In 1952 plaintiff was arrested and interrogated for fourteen days. Only after revealing his financial holdings was he released. His business was subsequently confiscated by the state. Plaintiff left Communist China in 1953, penniless. He was allowed to leave only on the condition that he return. This, of course, he did not do.

██ Therefore, either as a capitalist, an anticommunist, a Catholic, or a "lawbreaker", plaintiff has good reason to fear persecution at the hands of the communists. While he did not convert to Catholicism until 1962, and at the time of his escape was not yet a "lawbreaker", he was a capitalist and an anticommunist. This brings plaintiff within the requirements of section 203(a) (7).

Additionally, the District Director denied plaintiff's application, and the Re-

gional Commissioner affirmed, on the ground that he was not a refugee in that he had been "firmly resettled" in Hong Kong. In support of its position the Government relies on Min Chin Wu v. Pullilove, 282 F.Supp. 63 (N.D.Cal. 1968); Matter of Moy, Int.Dec. 1707 (1967); and Matter of Sun, Int.Dec. 1685 (1966). These cases are distinguishable from the instant case in that here plaintiff never intended to remain in Hong Kong permanently.

In *Min Chin Wu,* supra, the applicant left Communist China in 1950 and went directly to the Dominican Republic. There are no facts in the opinion indicating that he attempted to immigrate to the United States upon his flight from China or during the fourteen years he owned and operated a business in the Dominican Republic.

In *Moy,* supra, the applicant fled from Communist China to Hong Kong in 1949. He remained in Hong Kong until 1956. He then went to Colombia, S. A., and thereafter came to the United States in 1958. At page 4 of the interim decision, the Regional Commissioner stated, "The applicant, to quote from a brief submitted by his former counsel, * * *:

> * * * established that at his domicile in Barranquilla, Colombia, he has a partnership interest in a farm valued at $1,500.00 and has cash savings amounting to $6,000.00 in a Barranquilla bank. He also established that he has no intention of abandoning his Colombia residence to which he is able to return (See permit to reenter Colombia which expired January, 1960)."

In Matter of Sun, supra, the applicant left Communist China in 1949 and entered Formosa. He lived in Formosa until 1962. While in Formosa he was a member of the armed forces, and later became a representative of the Republic of China to the United Nations from 1962 to 1965. The Regional Commissioner stated:

> " * * * For sixteen of those years he received his livelihood from the Chinese Government of Formosa. The

applicant has established himself firmly in that country and obviously has all of the rights of residence and employment there that can be extended to anyone, regardless of place of birth."

The record in the instant case reveals that plaintiff considered Hong Kong a temporary refuge; a way station on the road to permanent resettlement. Plaintiff departed from Communist China friendless and penniless. Having once provided for his physical needs in Hong Kong, he immediately sought information about immigration to the United States. He was advised that without a sponsor in the United States and the necessary funds, he could not immigrate.

During his stay in Hong Kong plaintiff, by hard work and diligence, was able to save enough money to finance several trips to the United States. He is now in a position to provide for himself and his family in this country. Indeed, he has been doing so for the past eight years. His feeling that Hong Kong might not be a safe place to return to is not unfounded.

Plaintiff was prevented from immigrating to the United States in 1953 because of no sponsor and insufficient funds, yet when he stayed in one place and worked to become financially secure he allegedly lost the very status that allowed admittance. In reality, plaintiff had no choice but to stay in Hong Kong until he could afford immigration as a refugee.

█ Without expressing any opinion as to why Congress chose to omit the "firmly resettled" provision in the amendments to the Refugee Relief Act of 1953, this court finds that plaintiff was never "firmly resettled" and still qualifies as a refugee under the terms of section 203(a) (7). Accordingly, the District Director erred in denying plaintiff's application.

It appears that both the District Director and the Regional Commissioner in this case have not interpreted the statute liberally or as remedial legisla-

tion, as have the courts in the past. See Leong Leun Do v. Esperdy, 309 F.2d 467 (2d Cir. 1962); Shio Han Sun v. Barber, 144 F.Supp. 850 (N.D.Cal.1956).

The Regional Commissioner has rendered other decisions which seem contrary in spirit to the Government's decision in this case. See Matter of Hung, Int.Dec. 1722 (1967), and Matter of Rodriguez, Int.Dec. 1670 (1966).

The case is returned to the defendant for further hearing pursuant to law.