Cavit **ALIDEDE**, Plaintiff,

v.

**L. W. HURNEY**, District Director, Immigration and Naturalization Service, Defendant.

No. 68 C 2148.

United States District Court
N. D. Illinois, E. D.
June 19, 1969.

Melvyn E. Stein, Chicago, Ill., for plaintiff.

M. B. Cohen, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

In May 1953 plaintiff Cavit Alidede fled from Yugoslavia to Greece. One year later he immigrated to Turkey. Alidede then became permanently resettled in Turkey. During his eight years of residence there, the plaintiff owned and operated a restaurant. He also became a national and a citizen of Turkey.

In October 1961, plaintiff was issued a passport by the Turkish government and was granted a visa to visit the United States for pleasure. After numerous requests that he leave the country, including several deportation orders by the Immigration and Naturalization Service, Alidede asked that agency in September 1968 to classify him as a refugee under section 203(a) (7) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a) (7). Both the District Director and the Regional Commissioner denied the petition, and plaintiff sought judicial review in this court. The government has now moved for summary judgment.

■ In reviewing the administrative decision, this court is limited to questions of law, so long as the executive determination is supported by substantial evidence in the record. See, e. g., Todaro v. Pederson, 205 F.Supp. 612, 613 (N.D. Ohio 1961), aff'd 305 F.2d 377 (6th Cir.

1962). After thoroughly reviewing the plaintiff's Immigration and Naturalization file, I have concluded that the agency's findings of fact are fully justified. The government's deportation order is not arbitrary, capricious, nor an abuse of discretion. Alidede left Turkey in order to visit relatives in the United States; he did not flee because of persecution or fear of persecution on account of race, religion or political opinion.

■ Furthermore, both the plaintiff's Turkish citizenship and his firm resettlement in Turkey prevent Alidede from receiving a conditional entry under section 203(a) (7). The statute provides that:

> "Conditional entries shall next be made available * * * to aliens who satisfy an Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made, or * * * *"

As explained in Min Chin Wu v. Fullilove, 282 F.Supp. 63, 65 (N.D.Cal.1968):

> "Not just one, but two, conditions must be satisfied for an alien to qualify under section 203(a) (7). First, * * * the alien must not be a *national* of the country in which he applies for conditional entry. But, second, and equally important, the alien must be a *refugee* * * *. Once an individual has stopped fleeing and is safely resettled, regardless of the country which he may choose, he is outside of the scope of Congressional concern as evidenced by this particular statute."

Alidede meets neither of the preceding two prerequisites for a conditional entry.[1]

There is substantial evidence in the record to support the Immigration and Naturalization Service's deportation order. Since the agency's legal interpretation of section 203(a) (7) was proper, I have entered an order today granting summary judgment for the government.

---

1. To obviate the barrier created by his Turkish nationality, plaintiff argues that he satisfies subsection (a) (7) (A) (iii) because his application for conditional entry was submitted in the United States. Such an interpretation of the statute is improper. Cheng Ho Mui v. Rinaldi, 262 F.Supp. 258, 266 (D.N.J.1966), declared that:

"[T]he clear meaning of the first part of Section 203(a) (7) excludes the United States from those countries in which application for a classification as refugee pursuant to conditional entry may be made."
Accord Chan Hing v. Esperdy, 262 F. Supp. 973, 976 (S.D.N.Y.1966).