432 F.Supp. 624 (1977)
Malek Saddik ISHAK, Plaintiff,
v.
DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE, UNITED STATES DEPARTMENT OF JUSTICE, Defendant.
No. 77 C 394.
United States District Court, N. D. Illinois, E. D.
June 3, 1977.
*625 Samuel D. Myers, Freedman, Freedman & Myers, Ltd., Chicago, Ill., for plaintiff.
Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER
CROWLEY, District Judge.
The plaintiff, Malek Saddik Ishak, has petitioned this Court, in an action pursuant to 28 U.S.C. § 2201, 5 U.S.C. § 704 and 28 U.S.C. § 1301, to direct the defendant, District Director of the Immigration and Naturalization Service, to grant plaintiff's application for permanent residence status as a refugee who fears religious and political persecution in a Middle East country, as provided in Section 203(a)(7) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(7). The defendant has moved to dismiss the complaint according to the provisions of Rule 12(b)(6) of the F.R.C.P. for failure to state a claim upon which relief can be granted, or in the alternative for summary judgment, pursuant to Rule 56 of the F.R.C.P. After reviewing the administrative record filed in this action and considering the briefs of counsel, we must grant defendant's motion for summary judgment.
The scope of judicial review in cases of denial of a preference visa is quite narrow and is limited to a determination as to whether the Director abused his discretion in denying such a preferential classification; abuse of discretion may be found only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir., 1971); Nazareno v. Attorney General of the U. S., 366 F.Supp. 1219 (D.C.1973) affirmed 168 U.S.App.D.C. 22, 512 F.2d 936 (1975). More specifically, in challenging denial of an application for refugee status, the alien has a two-fold burden. He must establish that he would be persecuted upon returning to his native country and that the District Director abused his discretion by his denial of the application. Shkukani v. Immigration and Naturalization Service, 435 F.2d 1378 (8th Cir., 1971), cert. den. 403 U.S. 920, 91 S.Ct. 2237, 29 L.Ed.2d 698; Chang Kai Fu v. Immigration and Naturalization Service, 386 F.2d 750 (2d Cir., 1967), cert. den. 390 U.S. 1003, 88 S.Ct. 1247, 20 L.Ed.2d 104.
The plaintiff was born in Syria in 1947 and resided there with his family until he travelled to Lebanon with a valid Syrian passport and Lebanese entry visa in June, *626 1972. He was granted permission to enter the United States on an F-1 student visa classification and arrived in this country in September, 1972. His Syrian passport was renewed in April, 1974, and in September, 1974, he applied for adjustment of status to that of a lawful permanent resident under § 203(a)(7) of the Immigration and Naturalization Act, alleging fear of potential persecution because of his religious faith as an Assyrian Christian. The application was denied in September, 1975, and the Regional Commissioner affirmed the decision of the District Director on December 31, 1975. Plaintiff was ordered on January 26, 1976, to leave the United States before February 15, 1976; he presently remains in Chicago in violation of this directive.
Plaintiff advances three arguments in opposition to the defendant's motion to dismiss or for summary judgment: (1) that eight cases in which preferential classification was granted were not adequately examined and given proper precedential value; (2) that the burden of establishing the probability of persecution upon his return to his home country is high and has been met to the best of his ability and (3) that the District Director abused his discretion and improperly relied upon an opinion letter from the Office of Refugee and Migration Affairs of the Department of State in reaching his decision to deny classification.
First, we note that the District Director is given discretion to act on petitions for permanent residence status precisely because he is required to examine all the facts presented to him in each situation on the merits of those particular circumstances. He need not give binding precedential weight to his previous decisions on other petitions, and the contention that he should is wholly without merit. U. S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Wolf v. Boyd, 238 F.2d 249 (9th Cir., 1956). Therefore, we need only review the immediate claims of plaintiff as he has presented them and determine if his burden of proof was met, and if so, whether denial of his petition was an abuse of discretion.
Secondly, then, we must consider whether the plaintiff has sustained his burden of demonstrating the likelihood of persecution for his beliefs as an Assyrian Christian should he return to Syria. Each such applicant must supply basic information on a written information form, and he is encouraged to supplement this with further documentation. The required interview provides an occasion to present the case orally and a petitioner may also introduce witnesses or experts to provide additional support for his claim. Though it appears that the plaintiff was represented by counsel during all stages of his petition, he submitted only newspaper clippings to authenticate his claim and at no point took advantage of the opportunities at the interview or regional review stages to provide other substantiating evidence through either documents or testimony. The plaintiff's own conclusory statements of his situation uncorroborated by any independent source are not sufficient to meet his burden of proof. Kashani v. Immigration & Naturalization Service, 547 F.2d 376 (7th Cir., 1977); Rosa v. Immigration & Naturalization Service, 440 F.2d 100 (1st Cir., 1971). Furthermore, courts have found that secondary materials, such as the newspaper articles in this case which referred only vaguely to "anti-government religious riots" cannot establish the validity of probable persecution of a particular individual. Kashani v. Immigration & Naturalization Service, 547 F.2d 376 (7th Cir., 1977); Cisternas-Estay v. Immigration & Naturalization Service, 531 F.2d 155 (3rd Cir., 1976).
The information provided on the plaintiff's application does reveal that he came to the United States on a student visa in September, 1972 and stated his intention to return to either Syria or Lebanon upon completion of his studies; there was no indication at that time that he was fleeing from a threatening or untenable existence in his homeland, or that catastrophic events during the intervening years had dramatically altered the political climate to which he would return. Also, in 1974 he routinely renewed his Syrian passport before beginning *627 this petition process. Although the plaintiff now asserts that his fear of persecution is of long duration and even dates back to his residence in his native land, his statements upon entering the United States do not affirm his current claim. He has, therefore, failed to demonstrate, as required, that his departure from Syria was a flight in search of refuge. Rosenberg v. Yee Chien Woo, 402 U.S. 49, 91 S.Ct. 1312, 28 L.Ed.2d 592 (1971); Alidede v. Hurney, 301 F.Supp. 1031 (N.D.Ill., 1969). On the basis of this presentation of his claim, we agree that the plaintiff did not meet the burden of proof necessary to sustain his application for refugee status, and we conclude that for this reason alone the District Director had an adequate foundation for his denial of the application.
Finally, since we have determined that Plaintiff's initial burden of proof was not established, it is unnecessary for this Court to consider whether the District Director abused his discretion by giving improper weight to an opinion letter from the Office of Refugee and Migration affairs.
The defendant's motion for summary judgment is granted.