**Virgilio REYES, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Defendant.**

No. 78 C 2210.

United States District Court, E. D. New York.

Oct. 18, 1979.

Antonio C. Martinez, by Peter Hirsch, New York City, for plaintiff.

Edward R. Korman, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., by Elaine C. Buck, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM DECISION AND ORDER

SIFTON, District Judge.

This is an action for judicial review of a decision of the Immigration and Naturalization Service ("INS") denying plaintiff's petition to obtain a preferential immigration classification for his alleged acknowledged son, Joselito. The case is currently before the Court on cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56.

Under normal immigration procedures, aliens seeking to enter the United States as immigrants are issued immigrant visas based on the chronological order in which they qualify. 8 U.S.C. § 1153(a)(8). The Immigration and Nationality Act (the "Act"), however, grants preferential status to applicants who are close relatives of United States citizens and permanent residents. The second preference under this scheme is granted to "unmarried sons or daughters of permanent resident aliens." 8 U.S.C. § 1153(a)(5). In order to qualify for this preference, Joselito Reyes must prove that he is a "child" of plaintiff within the meaning of Section 101(b)(1) of the Act. 8 U.S.C. § 1101(b)(1). See, e. g., Nazareno v. Attorney General, 168 U.S.App.D.C. 22, 512 F.2d 936 (D.C.Cir.), cert. denied, 423 U.S. 832, 96 S.Ct. 53, 46 L.Ed.2d 49 (1975). Section 101(b)(1) provides in relevant part:

"The term 'child' means an unmarried person under twenty-one years of age who is—

(A) a legitimate child; or

\*　　\*　　\*　　\*　　\*　　\*

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation [; or]

(D) an illegitimate child, by, through, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother."

Plaintiff, a native of the Dominican Republic, is a permanent resident alien in the United States. On March 18, 1977, plaintiff filed a second preference petition on behalf of Joselito with the New York District Office of the Immigration and Naturalization Service. On August 16, 1977, the District Director denied the petition. An appeal to the Board of Immigration Appeals was denied on March 20, 1978.

The INS found that, because the rights of an acknowledged child under Dominican law are not coextensive with those of a legitimate child, an acknowledged child was

not legitimated within the meaning of § 101(b). The only difference between an acknowledged child and a legitimate child under Dominican law is that an acknowledged child has lesser succession rights when there are both acknowledged and legitimate children. *See Matter of Hernandez,* Interim Decision 2712 (INS June 21, 1979); *Matter of Sanchez,* Interim Decision 2687 (INS Jan. 30, 1979). The INS did not state how this distinction is related to the purposes of the Act.

Because plaintiff has exhausted his administrative remedies, his case is ripe for decision by this Court.

■ The scope of review in this case is, of course, narrowly circumscribed. Granting preference visas is within the discretion of the INS, and the courts will not reverse its decisions unless there has been an abuse of that discretion. *See, e. g., Nazareno v. Attorney General, supra; Song Jook Suh v. Rosenberg,* 437 F.2d 1098, 1102 (9th Cir. 1971); *Ishak v. District Director, Immigration and Naturalization Service, United States Department of Justice,* 432 F.Supp. 624, 625 (N.D.Ill.1977); *Maggiore Bakery, Inc. v. Esperdy,* 238 F.Supp. 374, 375 (S.D. N.Y.1964). An abuse will be found only when there is no evidence to support a decision or when a decision is based on an improper understanding of the law. *See, e. g., Song Jook Suh v. Rosenberg, supra; Ishak v. District Director, supra.* Even as to pure questions of law, the INS is entitled to a review tempered by respect for the INS' expertise in interpreting and admininistering the Act. *See, e. g., Nazareno v. Attorney General, supra* at 940.

In support of this motion for summary judgment, plaintiff argues, first, that the Act, by classifying the offspring of a common mother as "children" regardless of legitimacy, while requiring the legitimation of illegitimate offspring of a common father, violates the constitutional requirements of equal protection; and second, that

the decision of the INS in the present case is inconsistent with its prior decision in *Matter of Lee,* Interim Decision 2606 (August 18, 1977).

■ Plaintiff's claim that § 101(b) is unconstitutional because it treats illegitimate children differently depending on whether the priority is claimed through the father or the mother must be rejected in light of the Supreme Court's decision in *Fiallo v. Bell,* 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977). *Fiallo* was based on the broad congressional power over immigration and is not affected by the subsequent decision of the court in *Caban v. Mohammed,* 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979). *See Delgado v. Immigration and Naturalization Service,* 473 F.Supp. 1343 (S.D.N.Y.1979).

■ The Court finds more persuasive the claim of plaintiff that the decision of the INS in the present case is inconsistent with the decision in *Matter of Lee, supra.* In *Lee,* the INS held that a recognized child under Korean law is a legitimate child under § 101(b) of the Act. A recognized child under Korean law has most, but not all of the rights of the legitimate child under Korean law. A recognized child has a lesser priority in determining who shall succeed to the title of "Head of the Family."[1] The INS found that the title of "Head of Family" "is entirely foreign to United States common law" and "should be deemed irrelevant to the issue of immigration benefits as beyond the twin goals of family unity and the prevention of immigration fraud." *Lee, supra* at 4. However, the title of "Head of Family" under Korean law carries with it an enhanced share of the property in the estate of the parent. *See* Korean Civil Code Article 1009, reproduced in *Lee, supra* at 15. Thus, as Judge Sofaer points out in *Delgado, supra* at n.7, the acceptance by the INS of Korean "recognition" in *Lee* is difficult if not impossible to reconcile with INS rejection of Dominican acknowledgement in

---

1. Although on the present motion counsel for the INS places great weight on the fact that a recognized son succeeds to the position of head of family ahead of a legitimate daughter, this appears to reflect the Korean view of the status of women rather than the relative rights of recognized and legitimate children under that country's laws.

the present case. "[A]n agency must either conform itself to its own prior decisions or else explain the reason for its departure." *NLRB v. Sunnyland Packing Co.,* 557 F.2d 1157, 1160 (5th Cir. 1977). Because the INS' decision has not adequately explained its reasons for departing from *Lee's* rationale in the present case, it has not sufficiently spelled out the legal basis for its decision, and the case must be remanded to the INS for further consideration. *Secretary of Agriculture v. United States,* 347 U.S. 645, 652–55, 74 S.Ct. 826, 98 L.Ed. 1015 (1954).

■ Although this Court is remanding the case because of the failure of the INS to distinguish the *Lee* case, on remand, the INS should also consider whether its rulings with respect to Dominican Republic Law 985 are, in fact, rationally related to the purposes of the Act. Judge Sofaer, in *dicta,* stated that:

"[T]he Board's rulings with respect to Law 985 are questionable. It hardly seems likely that persons will more readily lend themselves to fraudulent legitimations because their fraudulently acknowledged 'children' would thereby be entitled to only half the inheritance of a natural child in an intestate distribution. Furthermore, even assuming a significant number of fraudulent 'parents' could in theory be affected by a difference in the acknowledged child's right to inherit intestate, what possible basis short of pure speculation could justify the supposition that these individuals would find acceptable the right of children acknowledged under Law 985 to inherit 50% of the statutory share of their natural children?

. . .

"The rule adopted has no reasonable relation to preventing fraud, and it ignores 'the foremost policy underlying the granting of preference visas under our immigration laws the reunification of families . . .' *Lau v. Kiley,* 563 F.2d 543 (2d Cir. 1977)."

*Delgado, supra* 473 F.Supp. at 1348 (footnote omitted).

The case is hereby ORDERED remanded to the INS for further proceedings consistent with this decision.